UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | 2:25-cv-00147-SVW-JC | Date | June 3, 2025 |
| Title | *Frank Tufano v. Mehryar Ray Taban, MD et al* | | |

Present: The Honorable **STEPHEN V. WILSON, U.S. DISTRICT JUDGE**

| Daniel Tamayo | N/A |
|---|---|
| Deputy Clerk | Court Reporter / Recorder |
| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
| N/A | N/A |

**Proceedings:** ORDER GRANTING INSTITUTIONAL DEFENDANTS' MOTIONS TO DISMISS [18][23][28][30]

## I. Introduction

Before the Court are motions to dismiss brought by defendants the Medical Board of California, American Academy of Ophthalmology, American Board of Cosmetic Surgery, and American Society of Ophthalmic Plastic and Reconstructive Surgery (collectively, the "Institutional Defendants"). ECF Nos. 18, 23, 28, 30. For the following reasons, the motions are GRANTED. Plaintiff is further ordered to request entry of default as to the remaining defendant, within 30 days of the date of this order.

## II. Factual and Procedural Background

On November 29, 2023, Plaintiff Frank Tufano ("Tufano") underwent a cosmetic eye procedure with Dr. Mehryar Ray Taban, M.D. ("Taban") in Beverly Hills, California. First Amended Complaint, ECF No. 6 ("FAC") ¶ 1. The procedure in question was a combination of four different procedures, those being a cosmetic orbital decompression, upper eyelid ptosis repair, lower eyelid retraction, and an infraorbital rim implant. *Id.* ¶ 7. Orbital decompression is an allegedly highly invasive and risky procedure, such that no other surgeon in the world performs it for cosmetic purposes. *Id.* ¶ 8.

: 

Initials of Preparer     DTA

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:25-cv-00147-SVW-JC | Date | June 3, 2025 |
|---|---|---|---|
| Title | *Frank Tufano v. Mehryar Ray Taban, MD et al* | | |

Prior to the surgery, Tufano had no issues with his vision; Tufano consulted with Taban regarding this procedure because Taban believed he could improve Tufano's appearance with this combination of procedures. *Id.* ¶ 3. However, even after waiting for three months of recovery, as recommended by Taban, Tufano was left with a permanent cross-eyed appearance, loss of vision, reoccurring physical eye pain, headaches, and nerve pain near the affected area. *Id.* ¶¶ 4, 54. Tufano was diagnosed with strabismus[1] in February 2024, and since then has undergone five other corrective procedures by four different doctors, none of which have resolved the issue. *Id.* ¶¶ 12-24.

Regarding the Institutional Defendants, the complaint alleges that Taban is licensed through the Medical Board of California and is a member of the remaining Institutional Defendants, which are all various medical associations. *Id.* ¶¶ 25-28. The complaint also refers to some generalized statements about quality medical care located on each of the Individual Defendants' websites. *Id.*

Against all defendants, Tufano brings claims that resemble medical malpractice or negligence; he alleges that the informed consent process was inadequate and that the procedures were performed incorrectly.[2] *Id.* ¶¶ 38-53. The Institutional Defendants moved to dismiss the claims against them, arguing that Tufano has failed to state a claim against them. ECF Nos. 18, 23, 28, 30. Tufano has not filed an opposition to any of the motions.

### III.   Legal Standard

A motion to dismiss under Rule 12(b)(6) challenges the legal sufficiency of the claims stated in the complaint. *See* Fed. R. Civ. P. 12(b)(6). To survive a motion to dismiss, the plaintiff's complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim is facially plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. A complaint that offers mere "labels and conclusions" or "a formulaic recitation of the elements of a

---

[1] The FAC defines strabismus as "eye misalignment." *Id.* ¶ 13.
[2] The FAC also lists claims for "injury" and "damages," but these refer to the elements of negligence rather than independent causes of action. *See id.* ¶¶ 54-63.

|  |  | : |
|---|---|---|
|  | Initials of Preparer | |
|  | DTA | |

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:25-cv-00147-SVW-JC | Date | June 3, 2025 |
|---|---|---|---|
| Title | *Frank Tufano v. Mehryar Ray Taban, MD et al* | | |

cause of action will not do." *Id.*; see also *Moss v. U.S. Secret Serv.*, 572 F.3d 962, 969 (9th Cir. 2009) (citing *Iqbal*, 556 U.S. at 678).

In reviewing a Rule 12(b)(6) motion, a court "must accept as true all factual allegations in the complaint and draw all reasonable inferences in favor of the nonmoving party." *Retail Prop. Trust v. United Bhd. of Carpenters & Joiners of Am.*, 768 F.3d 938, 945 (9th Cir. 2014). Thus, "[w]hile legal conclusions can provide the complaint's framework, they must be supported by factual allegations. When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Iqbal*, 556 U.S. at 679.

**IV.    Discussion**

The Court finds that the claims asserted against the Institutional Defendants are unsupported by any factual allegations tying the Institutional Defendants to Tufano's alleged injuries. The Institutional Defendants are hardly mentioned in the complaint at all, except to note that Taban has some tie to each organization via either membership or, in the case of the Medical Board of California, the issuance of his medical license. Indeed, the real thrust of Tufano's claims lie against Taban, who is alleged to have performed an unsafe medical procedure without sufficient care, resulting in Tufano's alleged injuries. Nowhere are allegations that the Institutional Defendants had any connection with Tufano's actual treatment or even knowledge, actual or constructive, that it occurred. Additionally, Tufano has failed to oppose any of the motions to dismiss, which itself is reason alone that they may be granted. Therefore, Tufano has failed to plausibly state a claim for relief against any of the Institutional Defendants, and their motions are properly granted.

With the Institutional Defendants dismissed, Taban, who has not appeared, is the only remaining defendant. Given that Taban has been served, has not answered the complaint, and his deadline to answer has passed, Tufano is directed to request entry of default as to Taban within 30 days of this order.

|  | : |
|---|---|
| Initials of Preparer | |
| DTA | |

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:25-cv-00147-SVW-JC | Date | June 3, 2025 |
|---|---|---|---|
| Title | *Frank Tufano v. Mehryar Ray Taban, MD et al* | | |

**V.    Conclusion**

For the foregoing reasons, the Institutional Defendants' various motions to dismiss are GRANTED. Plaintiff shall have 30 days from the date of this order to request entry of default as to Taban.

**IT IS SO ORDERED.**

                                                                                       :
                                                                        _____
                                                                          Initials of Preparer
                                                                                    DTA