PATRICK E. STOCKALPER, SBN 156954
CHAENA DADE, SBN 310365
KEISHUNN JOHNSON SBN 350243
KJAR, MCKENNA & STOCKALPER, LLP
841 Apollo Street, Suite 100
El Segundo, California 90245
Telephone (424) 217-3026
Facsimile (424) 367-0400
pstockalper@kmslegal.com
cdade@kmslegal.com
kjohnson@kmslegal.com

Attorneys for Defendant,
**MEHRYAR TABAN, MD**

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA–WESTERN DIVISION**

FRANK TUFANO,

Plaintiff,

v.

MEHRYAR RAY TABAN; THE MEDICAL BOARD OF CALIFORNIA; AMERICAN ACADEMY OF OPTHALMOLOGY; AMERICAN BOARD OF COSMETIC SURGERY; AMERICAN SOCIETY OF OPHTHALMIC PLASTIC AND RECONSTRUCTIVE SURGERY;

Defendants.

**Case No.:** 2:25-cv-00147-SVW-AYPx

**DEFENDANT MEHRYAR TABAN, MD'S NOTICE OF MOTION AND MOTION TO DECLARE PLAINTIFF A VEXATIOUS LITIGANT AND IMPOSE PRE-FILING RESTRICTIONS PURSUANT TO 28 U.S.C. § 1651; OR, IN THE ALTERNATIVE, ENJOIN PLAINTIFF PURSUANT TO RULE 11**

Action Filed: January 3, 2025
Pretrial Conference: July 6, 2026
Trial Date: July 14, 2026

Hearing Date:

Assigned to:
Hon. Stephen V. Wilson, District Judge
Courtroom 10A
Magistrate Judge Anna Y. Park
Courtroom 750

**TO THIS HONORABLE COURT AND PLAINTIFF:**

PLEASE TAKE NOTICE that on a date to be determined, or as soon thereafter

as the matter may be heard, Defendant **MEHRYAR RAY TABAN, MD**. ("Defendant") will and hereby do move for an Order declaring Plaintiff **FRANK TUFANO** ("Plaintiff") a vexatious litigant, requiring prefiling review of any future filings submitted by Plaintiff in this District, and directing the Clerk not to accept any further filings from Plaintiff unless he first obtains leave of Court and pays the normal filing fees.

This motion is made pursuant to the 28 U.S.C. section 1651, Local Rules 83-8.1 through 83-8.4, *Federal Rule of Civil Procedure* 11, and the Court's inherent authority to curb abusive litigation. This motion is based on this Notice, the accompanying Memorandum of Points and Authorities, the Declaration of Chaena Dade, Esq., the records and files in this action, and any evidence presented at the hearing.

Dated: March 31, 2026 KJAR, MCKENNA & STOCKALPER, LLP

By: ______________________________

PATRICK E. STOCKALPER
CHAENA DADE
KEISHUNN JOHNSON
Attorneys for Defendant,
**MEHRYAR TABAN, MD**

# TABLE OF CONTENTS


I. INTRODUCTION .......... 6
II. RELEVANT BACKGROUND .......... 7
A. Plaintiff's Multi-Jurisdictional Litigation History .......... 7
B. Plaintiff's Repetitive and Harassing Filings Against Dr. Taban .......... 8
C. Plaintiff's Filings in the Present Action .......... **Error! Bookmark not defined.**
III. APPLICABLE LAW .......... 9
A. Plaintiff's Pro Se Status Does Not Excuse His Conduct .......... 9
B. Legal Standard for Declaring a Vexatious Litigant .......... 9
IV. ARGUMENT .......... 10
A. DEFENDANT IS ENTITLED TO THE REQUESTED ORDER .......... **Error! Bookmark not defined.**
i. Plaintiff Has Been Provided Adequate Notice .......... **Error! Bookmark not defined.**
ii. There Is an Adequate Record for Review .......... **Error! Bookmark not defined.**
1. Plaintiff has filed more than thirty lawsuits in federal courts since 2023 .......... **Error! Bookmark not defined.**
2. Plaintiff Has Filed Multiple Duplicative Actions Against Dr. Taban .......... 11
3. Plaintiff Repeatedly Reasserts the Same Claims After Dismissal .......... 14
4. Plaintiff Repeatedly Names Defense Counsel and Their Law Firms as Defendants 14
5. Plaintiff's Filings Contain Conspiratorial and Delusional Allegations .......... 15
iii. Substantive Findings of Frivolousness and Harassment Are Warranted .......... 16
1. Plaintiff's Filings Are Frivolous .......... **Error! Bookmark not defined.**
2. Plaintiff's Filings Are Harassing .......... **Error! Bookmark not defined.**
iv. The Requested Order Is Narrowly Tailored .......... 18
B. IN THE ALTERNATIVE, SANCTIONS ARE WARRANTED UNDER RULE 11 18
V. CONCLUSION .......... 21

# TABLE OF AUTHORITIES

Cases

*Baker v. Dykema Gossett, LLP*, 776 F. App'x 485 .......... 20
*Christian v. Mattel, Inc.*, 286 F.3d 1118 .......... 20
*Chambers v. NASCO, Inc.,* 501 U.S. 32, 44-45 (1991) .......... 20
*De Long v. Hennessey*, 912 F.2d 1144 .......... 8, 15, 18
*Denton v. Hernandez,* 504 U.S. 25 (1992).......... 17
*Golden Eagle Distrib. Corp. v. Burroughs Corp.*, 801 F.2d 1531 .......... 20
*Hollywood v. Carrows California Fam. Restaurants*, Inc., 840 F. App'x 300 (9th Cir. 2021) 18
*Hollywood v. Carrows California Fam. Restaurants*, No. 218CV02098JGBGJS, 2019 WL 6178807 .......... 18
*In re Powell*, 851 F.2d 427 .......... 16
*Molski v. Evergreen Dynasty Corp.*, 500 F.3d 1047 .......... 8, 10, 14, 17, 18, 19
*Ringgold–Lockhart v. Cnty. of L.A.*, 761 F.3d 1057 .......... 19
*Warren v. Guelker*, 29 F.3d 1386 (9th Cir. 1994) .......... 12,18

Statutes

28 U.S.C. § 1651 (a) .......... 13

Rules

California *Code of Civil Procedure* § 391 .......... 13
Federal Rules of Civil Procedure, Rule 11 .......... 12, 20
Federal Rules of Civil Procedure, Rule 11(b) .......... 20
Local Rule 11-9 .......... 19
Local Rule 83-2.10.3 .......... 12
Local Rule 83-7 .......... 20
Local Rule 83-7(c) .......... 20
Local Rule 83-8.2 .......... 12
Local Rule 83-8.4 .......... 13
Local Rules 83-8.1 .......... 12

//
//
//
//
//
//

//

## TABLE OF AUTHORITIES (Continued)

**Lawsuits Filed by Plaintiff**

*Tufano v. Mehryar Ray Taban, MD*, Case No. 2:25-cv-00147 (C.D. Cal.) ................ 9
*Tufano v. Taban*, Case No. 25SMCV00041 (LASC) ..........................................9
*Tufano v. Taban*, Case No. 25SMCV05503 (LASC) ..........................................9
*Tufano v. Taban*, Case No. 3:25-cv-00011 (M.D. Pa.) ...................................... 9
*Tufano v. State of California et al.*, Case No. 3:26-cv-00447 (M.D. Pa.) ...................9
*Tufano v. Google LLC et al.*, Case No. 3:25-cv-10825 (N.D. Cal.) ......................... 9
*Tufano v. Novo Nordisk*, Case No. 2:26-cv-00696 (E.D. Pa.) .............................. 9
*Tufano v. Social Security Administration et al.*, Case No. 7:25-cv-06515 (S.D.N.Y.) ....9
*Tufano v. The IMA Group*, Case No. 7:25-cv-06515 (S.D.N.Y.) ......................... ...9
*Tufano v. Mehryar Taban MD Inc.*, included in multiple actions above ....................9
*Tufano v. American Academy of Ophthalmology* (various cases) ........................... 9
*Tufano v. American Board of Cosmetic Surgery* (various cases) ........................ ...9
*Tufano v. ASOPRS* (various cases) .......................................................... 9
*Tufano v. Medical Board of California* (various cases) .......................................9
*Tufano v. Kjar McKenna & Stockalper LLP* (various cases) ......................... .......9
*Tufano v. Lavely & Singer PC* (various cases) ..............................................9
*Tufano v. Pennsylvania Magisterial District Court Filings* (multiple cases) .............9

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. INTRODUCTION

Plaintiff Frank Tufano has engaged in a sustained pattern of frivolous, duplicative, and harassing litigation across multiple jurisdictions, including the Central District of California, the Middle District of Pennsylvania, the Eastern District of Pennsylvania, the Southern District of New York, the Northern District of California, the Los Angeles Superior Court, and the Pennsylvania Court of Common Pleas. (Declaration of Chaena Dade "Dade Decl." ¶ 4.) His filings target the same defendants repeatedly, including Dr. Taban, Dr. Taban's medical corporation, the Medical Board of California, professional medical associations, and Dr. Taban's defense counsel.

In the past three years alone, Plaintiff has filed **more than thirty lawsuits**, which include at least **seven** against Dr. Taban and those affiliated with Dr. Taban for the same conduct. (Dade Decl. ¶ 4.) Plaintiff's filings are not merely numerous. They are abusive, duplicative, and harassing, and they impose significant and unnecessary burdens on the courts and on Defendant. Plaintiff repeatedly reasserts claims already dismissed, files actions in improper jurisdictions, ignores procedural rules, and uses litigation as a tool to harass Dr. Taban and his counsel. During counsel for Dr. Taban's Rule 26 telephonic meet and confer discussion with Plaintiff on February 17, 2026, **Plaintiff stated he intends to continue filing this same lawsuit against Dr. Taban every year for the rest of his life**. (Dade Decl. ¶ 3.) Plaintiff's motive is not to use the court system to seek resolution of his dispute, but to weaponize the court system to abuse and harass Dr. Taban and others regardless of the merits or the outcome of any pending case.

As the Ninth Circuit recognizes, "[f]lagrant abuse of the judicial process cannot be tolerated because it enables one person to preempt the use of judicial time that properly could be used to consider the meritorious claims of other litigants." *Molski v. Evergreen Dynasty Corp.*, 500 F.3d 1047, 1057 (9th Cir. 2007). Plaintiff's conduct satisfies every factor required under *Ringgold-Lockhart v. County of Los Angeles*, 761

F.3d 1057 (9th Cir. 2014) and warrants a prefiling order.

## II. RELEVANT BACKGROUND

The action presently before this Court is one in a long series of needlessly duplicative lawsuits filed by Plaintiff for the specific purpose of harassment. As detailed in the Declaration of Chaena Dade, Esq. ("Dade Decl."), Plaintiff has engaged in a sustained pattern of abusive litigation across multiple jurisdictions, repeatedly filing the exact same lawsuit against Dr. Taban, despite the matter currently being litigated on its merits in this very Court. (Dade Decl. ¶¶ 5-10, **Exhibits 2-7**.) Since 2023 alone, Plaintiff has filed at least seven separate actions against Dr. Taban across multiple jurisdictions, repeatedly reasserting claims already dismissed, filing the Complaint in multiple improper venues, suing Dr. Taban's defense counsel and seeking to restrain counsel from engaging in standard discovery, and advancing conspiratorial allegations without factual support. (Dade Decl., *Id.*) This pattern is not incidental or isolated; it reflects Plaintiff's intentional misuse of the judicial system and underscores the need for the relief sought in this motion, as he has recently filed the same lawsuit again in Pennsylvania State Court.

### A. Plaintiff's Multi-Jurisdictional Litigation History

Plaintiff has a history of filing frivolous, duplicative, and harassing lawsuits across multiple courts. The actions span multiple jurisdictions and often repeat the same allegations after dismissal or transfer. Since 2024 Plaintiff has filed at least seven known lawsuits against Dr. Taban for the same central nucleus of facts, and what appears to be close to forty (40) lawsuits altogether, although it is difficult to be certain due to Plaintiff's tactic of filing lawsuits in various state courts. On March 27, 2026, counsel for Dr. Taban conducted a Pacer Case Locater Search and identified thirty-two (32) civil lawsuits filed in federal court by Plaintiff. (**Exh. 1** to Dade Decl., ¶ 4). Counsel for Dr. Taban is aware of two identical cases against Dr. Taban filed in Los Angeles Superior Court, as well as another recently filed in Lackawanna County, Pennsylvania (Case No. 26CV1161) which requires responsive pleading by counsel for Dr. Taban on April 3,

2026. (Dade Decl., ¶ 14.)

Taken together, this illustrates a consistent pattern in Plaintiff's litigation behavior: serial filings, reassertion of previously rejected claims, naming defendants without factual basis, and the use of multiple courts simultaneously to relitigate the same issues. This reflects the broader contours of Plaintiff's vexatious litigation strategies across jurisdictions.

### B. Plaintiff's Repetitive and Harassing Filings Against Dr. Taban

Plaintiff's litigation conduct directed at Dr. Taban demonstrates a sustained pattern of repetitive and harassing filings across multiple jurisdictions. Plaintiff has filed at least eight separate lawsuits naming Dr. Taban or his medical corporation, repeatedly reasserting the same malpractice allegations despite prior dismissals, transfers, and jurisdictional rulings. He has filed actions in improper venues, including Pennsylvania state and federal courts, even though the underlying surgery occurred in California. He has also accused judges, clerks, and counsel of conspiracies, bias, and misconduct, filed duplicative appeals that were dismissed for noncompliance, and named defense counsel and their law firms as defendants in multiple actions.

Plaintiff's repeatedly forum-shops by re-filing his lawsuit in new venues after his claims are adjudicated against his favor. He also seeks to obstruct Dr. Taban from preparing any defense, by refusing to respond to written discovery, naming Dr. Taban's counsel as defendants in his lawsuits, and pursuing restraining orders to prohibit Dr. Taban from subpoenaing records from identified medical providers whom Plaintiff alleges subsequently treated his eyes after Dr. Taban. This conduct is a clear demonstration of bad faith—Plaintiff's filings are not intended to resolve legitimate disputes but only seek to harass Defendant and burden the judicial system. The volume, repetition, and nature of these filings establish a clear record of harassment and vexatious litigation.

/ / /

/ / /

## III. APPLICABLE LAW

### A. Plaintiff's Pro Se Status Does Not Excuse His Conduct

Pro se litigants must comply with the *Federal Rules of Civil Procedure*, the Local Rules, and all court orders. Local Rule 83-2.10.3 provides that any person appearing without counsel is required to comply with the *Federal Rules of Civil Procedure*, the *Federal Rules of Evidence*, and the Local Rules. Courts in this Circuit repeatedly hold that pro se status does not shield a litigant from sanctions or from a vexatious litigant designation. See *Warren v. Guelker*, 29 F.3d 1386, 1389 (9th Cir. 1994) (pro se litigants are subject to the same Rule 11 obligations as attorneys).

### B. Legal Standard for Declaring a Vexatious Litigant

Federal courts possess inherent authority under the 28 U.S.C. section 1651, to issue prefiling orders against vexatious litigants when necessary to curb abusive litigation practices. *Molski v. Evergreen Dynasty Corp.*, 500 F.3d 1047, 1057 (9th Cir. 2007). The Ninth Circuit has long recognized that courts must be able to protect themselves and opposing parties from litigants who misuse judicial resources. *De Long v. Hennessey*, 912 F.2d 1144, 1147 (9th Cir. 1990). This Court's Local Rules reinforce that authority. Local Rules 83-8.1 through 83-8.4 expressly authorize the Court to impose restrictions on litigants who repeatedly file unmeritorious motions or engage in tactics intended to cause delay, including requiring security, mandating prefiling review, and directing the Clerk not to accept filings without payment of normal filing fees. Local Rule 83-8.4 further directs courts to consider *California Code of Civil Procedure* section 391, which defines a vexatious litigant as one who repeatedly files unmeritorious motions, pleadings, or other papers, or engages in frivolous or delaying tactics.

Before imposing a prefiling order, the Ninth Circuit requires four findings: (1) the litigant must be given notice and an opportunity to be heard; (2) the Court must create an adequate record for review; (3) the Court must make substantive findings that the filings are frivolous or harassing; and (4) the order must be narrowly tailored to

address the specific abuse. *De Long*, 912 F.2d at 1147–48; *Ringgold Lockhart v. County of Los Angeles*, 761 F.3d 1057, 1062 (9th Cir. 2014). As demonstrated below, Plaintiff's conduct satisfies each of these requirements.

Courts in this district also employ a five-factor test to determine "whether a party is a vexatious litigant and whether a pre-filing order will stop the vexatious litigation or if other sanctions are adequate: (1) the litigant's history of litigation and in particular whether it entailed vexatious, harassing or duplicative lawsuits; (2) the litigant's motive in pursuing the litigation, e.g., does the litigant have an objective good faith expectation of prevailing?; (3) whether the litigant is represented by counsel; (4) whether the litigant has caused needless expense to other parties or has posed an unnecessary burden on the courts and their personnel; and (5) whether other sanctions would be adequate to protect the courts and other parties." *Ringgold-Lockhart v. County of Los Angeles*, *supra*, 761 F.3d at 1062.

## IV. ARGUMENT

### A. PLAINTIFF HAS BEEN PROVIDED ADEQUATE NOTICE

The first *De Long* factor requires notice and an opportunity to be heard. Defendant has provided Plaintiff with notice of this motion and its grounds. Plaintiff has been served with this motion and will have an opportunity to respond. This satisfies the first requirement. See *Molski*, 500 F.3d at 1057. (Dade Decl. ¶ 16, **Exhibit 8**.)

### B. AN ADEQUATE RECORD OF VEXATIOUS, DUPLICATIVE AND HARASSING LITIGATION CONDUCT EXISTS

The record here is extensive and overwhelming. As shown in the Pacer Case Locator search results included as **Exhibit 1** to the Dade Declaration, Plaintiff's litigation history spans multiple jurisdictions, includes more than thirty federal cases filed in three years, and reflects a sustained pattern of duplicative, frivolous, and harassing filings. The breadth of Plaintiff's filings, the repetition of dismissed claims, and the targeting of defense counsel all demonstrate the type of abusive litigation that the Ninth Circuit has repeatedly held sufficient to satisfy this factor.

Many of these cases were dismissed for improper venue, failure to state a claim, or failure to comply with court orders. However, they clearly demonstrate a pattern of harassing and frivolous lawsuits. Plaintiff continues to try and recycle the same core allegations and seeks to relitigate issues that have already been resolved. His pattern of duplicative filings, forum shopping, and relitigating issues demonstrates that Plaintiff is not attempting to vindicate any legitimate legal right but is instead using the courts as a vehicle to harass Dr. Taban and his counsel. The repetition of the same meritless claims across eight actions underscores the need for a prefiling order to prevent further abuse of judicial resources.

**1. Plaintiff Has Filed Multiple Duplicative Actions Against Dr. Taban**

Plaintiff's litigation history shows a deliberate and sustained effort to pursue the same malpractice allegations against Dr. Taban in as many courts as possible, regardless of jurisdiction, venue, or prior rulings. Excluding the operative action Plaintiff has sued Dr. Taban in at least seven separate actions across four jurisdictions, repeatedly forcing Defendant to defend the same claims in multiple forums. These actions include:

1. *Frank Tufano v. Mehryar Ray Taban, MD; Mehryar Ray Taban, MD, Inc.; Medical Board of California; American Academy of Ophthalmology; American Board of Cosmetic Surgery; ASOPRS; Kjar McKenna & Stockalper LLP; Lavely & Singer PC*,
   - **File Date:** 1/02/2025
   - **Venue:** U.S. District Court, Middle District of Pennsylvania, Case No. 3:25-cv-00011, transferred to Central District of California **1/03/2025** (Dkt. No. 4), Case No. 2:25-cv-00147
   - **Core Dispute:** November 29, 2023 surgical eye procedure performed by Dr. Taban
2. *Frank Tufano v. Mehryar Ray Taban, MD; Mehryar Ray Taban, MD, Inc.; Medical Board of California; American Academy of Ophthalmology;*

*American Board of Cosmetic Surgery; ASOPRS; Kjar McKenna & Stockalper LLP; Lavely & Singer PC*

- **File Date:** 1/06/2025
- **Venue:** Los Angeles County Superior Court, Case No. 25SMCV00041;
- **Core Dispute:** November 29, 2023 surgical eye procedure performed by Dr. Taban

3. *Frank Tufano v. Mehryar Ray Taban, MD; Mehryar Ray Taban, MD, Inc.; Lavely & Singer PC, TikTok, Inc.*
   - **File Date:** 6/27/2025
   - **Venue:** U.S. District Court, Middle District of Pennsylvania, Case No. 3:25-cv-01175-RDM-DFB, removed from Court of Common Pleas of Lackawanna County, Pennsylvania, Case No. 25-cv-4277
   - **Core Dispute:** November 29, 2023 surgical eye procedure performed by Dr. Taban
4. *Frank Tufano v. Mehryar Ray Taban, MD; Mehryar Ray Taban, MD, Inc.; Google LLC, Alphabet Inc., RealSelf Inc.*
   - **File Date:** 8/22/2025
   - **Venue:** U.S. District Court, Middle District of Pennsylvania, Case No. 3:25-cv-01574-RDM, removed from Court of Common Pleas of Lackawanna County, Pennsylvania, **Case No. 25-05634,** transferred to U.S. District Court Northern District of California, Case No. 3:25-cv-10825-RFL
     - Pending appeal in Ninth Circuit, **26-00146**
   - **Core Dispute:** November 29, 2023 surgical eye procedure performed by Dr. Taban
5. *Frank Tufano v. Mehryar Ray Taban, MD; Mehryar Ray Taban, MD, Inc.; Medical Board of California; American Academy of Ophthalmology;*

*American Board of Cosmetic Surgery; ASOPRS; Kjar McKenna & Stockalper LLP; Lavely & Singer PC*

- **File Date:** 10/23/2025
- **Venue:** Los Angeles County Superior Court, Case No. 25SMCV05503;
- **Core Dispute:** November 29, 2023 surgical eye procedure performed by Dr. Taban

6. *Frank Tufano v. Mehryar Ray Taban, MD; Mehryar Ray Taban, MD, Inc.; Medical Board of California; American Academy of Ophthalmology; American Board of Cosmetic Surgery; ASOPRS; Kjar McKenna & Stockalper LLP; Lavely & Singer PC, The State of California, Beverly Hills Masonic Lodge*
   - **File Date:** 2/23/2026
   - **Venue:** U.S. District Court, Middle District of Pennsylvania, Case No. 3:26-cv-00447-PJC
   - **Core Dispute:** November 29, 2023 surgical eye procedure performed by Dr. Taban
7. *Frank Tufano v. Mehryar Ray Taban, MD; Mehryar Ray Taban, MD, Inc.; Medical Board of California; American Academy of Ophthalmology; American Board of Cosmetic Surgery; ASOPRS; Kjar McKenna & Stockalper LLP; Lavely & Singer PC, State of California, Beverly Hills Masonic Lodge*
   - **File Date:** 2/23/2026
   - **Venue:** Court of Common Pleas of Lackawanna County, Pennsylvania, Case No. 26cv1161
   - **Core Dispute:** November 29, 2023 surgical eye procedure performed by Dr. Taban.

(See Exhibits 2-7 to Dade Decl. ¶¶ 5-10.) This pattern demonstrates that Plaintiff

does not simply seek adjudication of a dispute; rather, he attempts to relitigate the same issues repeatedly, in multiple courts, even after dismissals, transfers, and jurisdictional rulings. Such conduct is a hallmark of vexatious litigation and reflects a clear intent to burden Defendant with duplicative and unnecessary litigation. *See Lawless v. United States*, 797 F.Supp.3d 1132 (C.D. Cal. 2025); *and see Leon v. Meggitt PLC*, 2016 WL 7015611, *7 (D. Ariz. Nov. 30, 2016).

**2. <u>Plaintiff Repeatedly Reasserts the Same Claims After Dismissal</u>**

Plaintiff's filings also reflect a persistent pattern of reasserting claims that have already been dismissed or transferred, demonstrating a clear disregard for judicial rulings and basic procedural requirements. He has repeatedly filed the same malpractice allegations in Pennsylvania state court after those claims were dismissed in California, and he refiled the same claims in the Middle District of Pennsylvania even after that court transferred the matter to the Northern District of California and Central District of California for improper venue. Plaintiff has likewise pursued duplicative appeals of the same court ruling in Los Angeles Superior Court and this Court. These repeated appellate filings further demonstrate Plaintiff's bad faith, where he does not intend to rely upon the judicial system to fairly adjudicate his claims, nor does he hold an objective good faith expectation of prevailing. Rather, Plaintiff's motivations are solely to harass and bury his adversaries in filings for no other reason than abuse and harassment. His refusal to accept final rulings and his insistence on refiling the same allegations in new courts underscore the necessity of a prefiling order. This conduct falls squarely within the definition of "vexatious" under *Ringgold-Lockhart v. County of Los Angeles,* 761 F.3d at 1062.

**3. <u>Plaintiff Repeatedly Names Defense Counsel as Defendants</u>**

Plaintiff's pattern of naming Dr. Taban's defense counsel as defendants further illustrates the harassing nature of his litigation strategy. Plaintiff has sued Dr. Taban's defense counsel and professional associations Plaintiff believes are connected to Dr. Taban in numerous separate lawsuits for the same nucleus of facts.

Courts recognize that suing opposing counsel without legal basis is a classic indicator of vexatious and retaliatory litigation. This case mirrors the conduct in *Lawless v. United States,* 797 F.Supp.3d 1132, 1142-1143 (C.D. Cal. 2025), where the court found that constantly re-filing the same lawsuit, suing opposing counsel and accusing the bench of judicial misconduct (which Plaintiff alleges in his most recent filings in Lackawanna County, Pennsylvania, Case No. 26cv1161 and U.S. District Court, Middle District of Pennsylvania, Case No. 3:26-cv-00447) , without a valid legal basis, transcends vigorous advocacy and becomes a tactic of harassment, abuse, and retaliation. Plaintiff's conduct serves no legitimate purpose and instead is admittedly calculated to intimidate, retaliate, and increase the burden and cost of defending against his claims, underscored by Plaintiff's comment to counsel that he intends to continue to file the same lawsuit against Dr. Taban every year of his life. This conduct is entirely consistent with the broader pattern of harassment evident throughout his filings.

**4. <u>Plaintiff's Filings Contain Conspiratorial and Delusional Allegations</u>**

Plaintiff's filings also contain conspiratorial, delusional, and wholly baseless allegations that courts routinely identify as hallmarks of frivolous litigation. In the most recent lawsuits filed in Lackawanna County and the Middle District of Pennsylvania (Case Nos. 26cv1161 and 3:26-cv-00447), Plaintiff asserts that California judges, clerks, and counsel are part of a "Freemasonic conspiracy," that the California judiciary is "corrupted" and "biased," and that professional associations are "protecting" Dr. Taban through secret affiliations. He further claims he is entitled to litigate in Pennsylvania because California courts are "controlled by Freemasons." These allegations have no factual foundation and reflect the same pattern of irrational and unsupported accusations that Plaintiff advances across jurisdictions. They reinforce that his filings are not grounded in law or fact but are instead part of a broader pattern of abusive, vexatious litigation.

The Supreme Court has found such allegations indicative of frivolous litigation.

See *Denton v. Hernandez,* 504 U.S. 25, 33 (1992). In *Denton,* the court supported that a finding of factual frivolousness is appropriate when the facts alleged rise to the level of the irrational or wholly incredible. These assertions have no factual basis and further demonstrate Plaintiff's willingness to advance baseless theories to justify improper filings and forum shopping. When viewed alongside his duplicative lawsuits, repeated filings, and targeting of defense counsel, these allegations confirm that Plaintiff's litigation conduct is not merely misguided but part of a broader pattern of vexatious behavior.

**5. Substantive Findings of Frivolousness and Harassment Are Warranted**

The third *De Long* factor is that "the district court must make substantive findings about the frivolous or harassing nature of the plaintiff's litigation." *Molski*, 500 F.3d at 1057. "To decide whether the litigant's actions are frivolous or harassing, the district court must 'look at "both the number and content of the filings as indicia" of the frivolousness of the litigant's claims.'" *Id*. (quoting *In re Powell*, 851 F.2d 427, 431 (D.C. Cir. 1988)). "The plaintiff's claims must not only be numerous but also be patently without merit. *Molski*, 500 F.3d at 1060.

"While pro se litigants are generally entitled to more leeway, a court's authority to enjoin vexatious litigation extends equally over pro se litigants and those represented by counsel." *Hollywood v. Carrows California Fam. Restaurants*, No. 218CV02098JGBGJS, 2019 WL 6178807, at *33 (C.D. Cal. Sept. 17, 2019*), report and recommendation adopted as modified*, No. 218CV02098JGBGJS, 2019 WL 5589042 (C.D. Cal. Oct. 30, 2019), *aff'd sub nom*. *Hollywood v. Carrows California Fam. Restaurants*, Inc., 840 F. App'x 300 (9th Cir. 2021); *see also Warren v. Guelker*, 29 F.3d 1386 (9th Cir. 1994) (Noting that *in forma pauperis* litigants "need to be deterred from filing frivolous lawsuits as much as litigants who can afford to pay their own fees and costs.").

Plaintiff's filings are frivolous because he repeatedly submits actions in improper venues despite clear statutory directives, reasserts claims that have already been

dismissed, files meritless duplicative appeals without meeting basic procedural requirements, and names entities that have no connection to the alleged injury. His pleadings also contain allegations of conspiracies, secret societies, and religious discrimination that are wholly unsupported by any factual basis. These characteristics demonstrate that Plaintiff's filings lack legal merit and fall squarely within the category of frivolous litigation contemplated by *Molski*.

Ultimately, Plaintiff's filing of multiple cases operating from the same nucleus of facts and for the same claims undermines the integrity of the judicial system. Plaintiff's case is currently at issue in this venue under the authority of this Honorable Court. Plaintiff attempts to circumvent this Court's authority in order to have unlimited attempts to litigate the same matter, forcing Defendant to expend exhaustive amounts of time, money and effort defending the same lawsuit in multiple jurisdictions, effectively turning what should be respectable and fair process into a seemingly endless game of whack-a-mole.

**6. <u>Plaintiff's Filings are Harassing</u>**

Plaintiff's filings are equally harassing. A filing is considered harassing when it is intended to burden or intimidate the opposing party. *De Long v. Hennessey*, 912 F.2d 1144, 1148 (9th Cir. 1990). Plaintiff has repeatedly sued Dr. Taban's defense counsel, filed duplicative actions in multiple jurisdictions to force Defendant to defend the same claims again and again, initiated actions in distant courts such as Pennsylvania and New York to increase litigation costs, and submitted procedurally defective motions and appeals that require unnecessary responses. He also accuses counsel of conspiracies and misconduct without any evidentiary support. These tactics impose significant burdens on Defendant and reflect an intent to harass rather than to litigate legitimate claims.

Taken together, Plaintiff's frivolous and harassing filings demonstrate a clear pattern of abusive litigation that satisfies the third *De Long* factor. His conduct has required Defendant to expend substantial resources responding to meritless pleadings, has forced the Court to issue repeated corrective orders, and has disrupted the orderly

administration of justice. The record establishes that Plaintiff's filings are not isolated missteps but part of a sustained course of conduct that warrants judicial intervention.

### 7. The Requested Order Is Narrowly Tailored

The fourth *De Long* factor requires that any order restraining a vexatious litigant be "narrowly tailored to fit the specific vice encountered." *Molski*, 500 F.3d at 1057. An order is considered narrowly tailored if it restrains the litigant from filing only the types of claims they have been filing vexatiously and does not deny access to the courts for any non-frivolous claims. *Ringgold-Lockhart v. Cnty. of Los Angeles*, 761 F.3d 1057, 1066 (9th Cir. 2014).

The requested prefiling order is narrowly tailored and satisfies the fourth *De Long* factor because it addresses only the specific abuses demonstrated in this litigation. Defendant seeks an order requiring Plaintiff to obtain leave of Court before filing any new action, motion, or pleading in this District against Dr. Taban, his medical corporation, or his counsel, and further directing the Clerk not to accept such filings unless Plaintiff pays the normal filing fees. The requested relief applies only to filings arising from Dr. Taban's contacts with Plaintiff, specifically his 2023 medical care and treatment of Plaintiff, as well as the defense against Plaintiff's lawsuits and the protection against Plaintiff's relentless harassment of Dr. Taban. It does not bar Plaintiff from filing unrelated actions. Instead, it is limited to curbing Plaintiff's demonstrated pattern of duplicative, frivolous, and harassing filings directed at Defendant and his counsel.

For all the foregoing reasons, and because each *De Long* factor is satisfied, the Court should grant this Order to declare Plaintiff a vexatious litigant, require a pre-filing review of any future lawsuits by Plaintiff in this district, and compel payment of the normal filing fees.

## C. IN THE ALTERNATIVE, SANCTIONS ARE WARRANTED UNDER RULE 11

Even if the Court declines to declare Plaintiff a vexatious litigant, sanctions are

independently warranted under Rule 11. Rule 11 requires that all filings be grounded in law and fact and prohibits submissions made for an improper purpose. See Fed. R. Civ. P. 11(b). Courts may impose sanctions when a litigant files pleadings that are frivolous, legally unreasonable, or intended to harass. *Christian v. Mattel, Inc.*, 286 F.3d 1118, 1127 (9th Cir. 2002). When a court determines that a Rule 11 violation has occurred, it "has broad discretion with regard to the type and amount of sanctions to be imposed." *Rivera v. E. Bay Mun. Util. Dist.*, No. C 15-00380 SBA, 2015 WL 6954988, at *9 (N.D. Cal. Nov. 10, 2015) (citing *Golden Eagle Distrib. Corp. v. Burroughs Corp.*, 801 F.2d 1531, 1538 (9th Cir. 1986)). In addition to monetary sanctions, appropriate sanctions under Rule 11 may include injunctive relief to prevent future frivolous filings. *Baker v. Dykema Gossett, LLP*, 776 F. App'x 485, 487 (9th Cir. 2019) (affirming district court imposition of a pre-filing order under Rule 11 requiring plaintiff to seek approval prior to any new filings against defendant).)

Plaintiff's filings in this action violate Rule 11 because they repeatedly assert claims that have already been dismissed, are filed in improper venues, contain baseless accusations of conspiracies, target defense counsel without any legal basis, and impose unnecessary costs on Defendant through duplicative and procedurally defective submissions. Sanctions under Rule 11 may include monetary penalties, striking improper filings, or restricting further filings. See *Golden Eagle Distrib. Corp. v. Burroughs Corp.*, 801 F.2d 1531 (9th Cir. 1986); Local Rule 83-7(c).

Plaintiff's conduct in this action further warrants dismissal of the entire action. Plaintiff's actions reflect the same pattern of frivolous, duplicative, and harassing filings he has pursued across multiple jurisdictions. Plaintiff has repeatedly reasserted claims that have already been dismissed, filed actions in improper venues, named defense counsel without legal basis, and advanced conspiratorial allegations wholly unsupported by fact or law. His filings in this case are clearly abusive tactics, demonstrating that this lawsuit is not an isolated misstep but part of a broader campaign of vexatious litigation. Rule 11 authorizes the Court to impose sanctions including

dismissal when a party persists in filings that lack legal merit and are presented for an improper purpose, including harassment and needless multiplication of proceedings. See *Chambers v. NASCO, Inc.,* 501 U.S. 32, 44-45 (1991) Dismissal of this action is an appropriate and necessary sanction.

As demonstrated in Plaintiff's recent filings in Lackawanna County, Pennsylvania and Middle District of Pennsylvania, permitting this matter to proceed to trial would be a fruitless endeavor, as Plaintiff will not respect any ruling made by this Honorable Court. Plaintiff alleges "The State of California was unable to provide Frank Tufano with a fair court proceeding," citing "the religious beliefs of the judges and defendants, pledging their allegiance to secret organizations such as Freemasonry and the Illuminati" as the reason why he believes he will not "be allowed to participate in court in a fair manner." (*Tufano v. Taban, et al*., Lackawanna County Case No. 26cv1161, ¶¶ 2-5, **Exh. 6-7** to Dade Decl., ¶¶ 9-10, 14.)

A dismissal sanction will prevent further misuse of judicial resources in this District, allow the parties to litigate the underlying issues on the merits in any number of the other pending actions for the exact same dispute, and preserve the ability of those courts to consider whether Plaintiff's conduct warrants a vexatious-litigant designation in those jurisdictions as well.

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

## V. CONCLUSION

For the foregoing reasons, Defendant respectfully requests that the Court declare Plaintiff a vexatious litigant, require that he obtain leave of Court before submitting any future filings in this District relating to Defendant, and direct the Clerk not to accept any such filings unless Plaintiff pays the normal filing fees. In the alternative, Defendant asks the Court to impose sanctions under Rule 11 based on Plaintiff's repeated submission of frivolous and harassing filings. Defendant further requests that the Court grant any additional relief it deems just and appropriate.

Dated: March 31, 2026, KJAR, MCKENNA & STOCKALPER, LLP

By: ______________________________

PATRICK E. STOCKALPER
CHAENA DADE
KEISHUNN JOHNSON
Attorneys for Defendant,
**MEHRYAR TABAN, MD**

## CERTIFICATE OF SERVICE

I am employed in the County of Los Angeles, State of California; I am over the age of eighteen years and not a party to the within action; my business address is 841 Apollo Street, Suite 100, El Segundo, California 90245.

On March 31, 2026, I served the foregoing document described as **DEFENDANT MEHRYAR TABAN, MD'S NOTICE OF MOTION AND MOTION TO DECLARE PLAINTIFF A VEXATIOUS LITIGANT AND IMPOSE PRE-FILING RESTRICTIONS PURSUANT TO 28 U.S.C. § 1651; OR, IN THE ALTERNATIVE, ENJOIN PLAINTIFF PURSUANT TO RULE 11** on all interested parties in this action by placing a true copy thereof in a sealed envelope addressed as follows:

**SEE ATTACHED SERVICE LIST**

XX **By Mail** I caused such envelope(s) to be deposited in the mail at El Segundo, California. The envelope was mailed with postage thereon fully prepaid and addressed to the parties listed on the Service List. I am "readily familiar" with the firm's practice of collection and processing correspondence for mailing. It is deposited with U.S. postal service on that same day in the ordinary course of business. I am aware that on motion of party served, service is presumed invalid if postal cancellation date or postage meter date is more than 1 day after date of deposit for mailing in affidavit.

XX **By Email** Based upon a court order or an agreement of the parties to accept electronic service, I caused the documents to be sent to the persons at the electronic service addresses listed in the Service List. My email address is stolliver@kmslegal.com.

XX **(By CM/ECF system):** I electronically filed the above document(s) with the Court via the CM/ECF system. Registered CM/ECF users in this matter will be served through CM/ECF.

XX **State** I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed on March 31, 2026, at El Segundo, California.

*Sahara Tolliver*

**SERVICE LIST**

80-98

**Frank Tufano v. Mehryar Ray Taban, MD, et al.**

USDC Case No.: 5:25-cv-00147-SVW-JC

Frank Tufano
25 Dundaff ST
Carbondale, PA 18407
Tele: (917)599-2160
frankatufano@gmail.com

*Plaintiff In Pro Per*