PATRICK E. STOCKALPER, SBN 156954
CHAENA DADE, SBN 310365
KEISHUNN JOHNSON SBN 350243
KJAR, MCKENNA & STOCKALPER, LLP
841 Apollo Street, Suite 100
El Segundo, California 90245
Telephone (424) 217-3026
Facsimile (424) 367-0400
pstockalper@kmslegal.com
cdade@kmslegal.com
kjohnson@kmslegal.com

Attorneys for Defendant,
**MEHRYAR TABAN, MD**

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA–WESTERN DIVISION**

FRANK TUFANO,

Plaintiff,

v.

MEHRYAR RAY TABAN; THE MEDICAL BOARD OF CALIFORNIA; AMERICAN ACADEMY OF OPTHALMOLOGY; AMERICAN BOARD OF COSMETIC SURGERY; AMERICAN SOCIETY OF OPHTHALMIC PLASTIC AND RECONSTRUCTIVE SURGERY;

Defendants.

**Case No.:** 2:25-cv-00147-SVW-AYPx

**EX PARTE APPLICATION TO ADVANCE HEARING AND FOR URGENT RULING ON DEFENDANT'S MOTION TO DECLARE PLAINTIFF A VEXATIOUS LITIGANT PURSUANT TO 28 U.S.C. § 1651; OR, IN THE ALTERNATIVE, ENJOIN PLAINTIFF PURSUANT TO RULE 11**

*[filed concurrently with Declaration of Chaena Dade, Esq.]*

Action Filed: January 3, 2025
Pretrial Conference: July 6, 2026
Trial Date: July 14, 2026

Assigned to:
Hon. Stephen V. Wilson, District Judge
Courtroom 10A
Magistrate Judge Anna Y. Park, Crtrm 750

**TO THIS HONORABLE COURT AND FRANK TUFANO, PLAINTIFF IN PRO SE:**

PLEASE TAKE NOTICE that on a date to be determined, or as soon thereafter as the matter may be heard in Courtroom 10A of the United States District Court for the Central District of California, Defendant Dr. Mehryar Ray Taban will and hereby does apply ex parte for an order advancing the hearing on Defendant's Motion to Declare Plaintiff a Vexatious Litigant and for expedited consideration of that motion. Defendant seeks an accelerated hearing date and prompt ruling due to Plaintiff's ongoing pattern of duplicative and harassing litigation, including the recent filing of a new action in the Pennsylvania Court of Common Pleas for which a responsive pleading is due on **April 3, 2026.**

As set forth in the accompanying Memorandum of Points and Authorities and the Declaration, good cause exists to grant this application. Defendant will suffer immediate and irreparable prejudice if the hearing is not advanced, as Plaintiff's repeated filings require Defendant to expend unnecessary resources to defend duplicative actions in multiple jurisdictions. Plaintiff has stated that he intends to file lawsuits against Dr. Taban "every year for the rest of [his] life," and his recent Pennsylvania filing confirms that this conduct is ongoing. Expedited relief is therefore necessary to prevent further harm and to allow Defendant to present this Court's ruling to the Pennsylvania court before the responsive pleading deadline. This application is made pursuant to 28 U.S.C. Section 1651 and the Court's inherent authority to manage its docket and prevent abusive litigation practices.

Pursuant to Local Rule 7-19.1, on March 26, 2026, Defendant provided Plaintiff with notice of the date and substance of this ex parte application by email. Plaintiff responded that he opposes the motion but did not indicate whether he intends to file a written opposition. Plaintiff was advised of his opportunity to submit opposition within twenty four hours of service or by 3:00 p.m. on the next court day, whichever is later.

This application is based on this Ex Parte Application, the accompanying

Memorandum of Points and Authorities, the Declaration of Chaena B. Dade, the records and files in this action, and any oral or documentary evidence presented at the hearing.

**RELIEF REQUESTED**

Defendant requests that the Court advance the hearing on the Motion to Declare Plaintiff a Vexatious Litigant to the earliest date available and issue a ruling on an expedited basis. Defendant further requests that the Court set an accelerated briefing schedule as necessary.

Dated: March 31, 2026

KJAR, MCKENNA & STOCKALPER, LLP

By: ______________________________

PATRICK E. STOCKALPER
CHAENA DADE
KEISHUNN JOHNSON
Attorneys for Defendant,
**DR. MEHYRYAR TABAN**

## MEMORANDUM OF POINTS AND AUTHORITIES

### I. GOOD CAUSE EXISTS FOR URGENT EX PARTE RELIEF

Good cause exists because Defendant is facing immediate and concrete prejudice arising from Plaintiff's continued pattern of duplicative and harassing litigation. Plaintiff has filed at least seven actions against Dr. Taban, his medical corporation, and his counsel based on the same underlying facts. (Dade Decl. ¶ 4.) These actions span multiple jurisdictions and repeatedly attempt to relitigate the same issues.

The urgency is heightened by the fact that Plaintiff has now filed a new action in the Pennsylvania Court of Common Pleas, where a responsive pleading is due on **April 3, 2026**. (Dade Decl. ¶ 7.) Defendant must either retain new counsel in Pennsylvania or seek admission Pro Hac Vice to defend a duplicative and unnecessary action that arises from the same facts and theories already before this Court. (Dade Decl. ¶ 8.) This imposes significant and avoidable expense, and it is precisely the type of prejudice that warrants expedited relief. See *Molski v. Evergreen Dynasty Corp.*, 500 F.3d 1047, 1057 (9th Cir. 2007) (recognizing the need to curb abusive litigation practices); *De Long v. Hennessey*, 912 F.2d 1144, 1147 (9th Cir. 1990) (courts have inherent authority to issue prefiling orders to prevent harassment and needless expense).

Plaintiff has also expressly stated to defense counsel during a Rule 26 meet-and-confer telephone call on February 17, 2026, that he intends to file lawsuits against Dr. Taban "every year for the rest of [his] life." (Dade Decl. ¶ 6, **Exhibit B.**) This admission confirms that Plaintiff's litigation campaign is not tied to any legitimate legal dispute but is instead intended to perpetuate harassment indefinitely. Courts routinely grant expedited relief where a litigant's conduct demonstrates an ongoing pattern of abusive filings that will continue absent immediate judicial intervention. See *Ringgold-Lockhart v. County of Los Angeles*, 761 F.3d 1057, 1062 (9th Cir. 2014).

Without an advanced hearing and expedited ruling, Defendant will be forced to expend substantial resources responding to yet another duplicative lawsuit in

Pennsylvania, despite the fact that this Court is already considering the same issues in the instant action. Advancing the hearing will allow Defendant to present a ruling from this Court to the Pennsylvania court, thereby preventing further unnecessary litigation and conserving judicial resources across jurisdictions.

## II. NOTICE PURSUANT TO LOCAL RULE 7-19.1

Pursuant to Local Rule 7-19.1, counsel for Defendant provided notice to Plaintiff of this ex parte application on **March 26, 2026,** at **9:55 a.m.** by **email correspondence**. (Dade Decl. ¶ 2, **Exhibit A.**) Plaintiff was informed of the nature of the relief sought, the date and time of the proposed filing, and his opportunity to submit a written opposition or contact the courtroom deputy regarding participation in any hearing. Plaintiff was further advised that any opposition must be filed within twenty-four hours of service or by 3:00 p.m. on the first court day following service, whichever is later.

Plaintiff's response to Defendant's ex parte notice further underscores the need for immediate judicial intervention. After receiving notice of this application, Plaintiff sent an email on March 26, 2026, stating that he "opposes this Motion" and asserting that "filing a case in another state after a corrupt CA state judge dismisses a serious medical malpractice case while discriminating against a disabled individual is nothing close to vexatious." (Dade Decl. ¶ 3, **Exhibit A.**) Plaintiff is clearly filing lawsuits to express his personal grievances rather than to pursue legitimate legal claims. Plaintiff's own words confirm that his litigation conduct is intentional and retaliatory. This provides further good cause for the Court to advance the hearing and rule on the vexatious litigant motion on an urgent basis.

/ / /

/ / /

/ / /

/ / /

/ / /

## III. CONCLUSION

For the foregoing reasons, Defendant respectfully requests that the Court advance the hearing date on Defendant's Motion to Declare Plaintiff a Vexatious Litigant and issue a ruling on an expedited basis to prevent further prejudice, unnecessary expense, and continued abuse of the judicial process.

Dated: March 31, 2026, KJAR, MCKENNA & STOCKALPER, LLP

By: ______________________________
PATRICK E. STOCKALPER
CHAENA DADE
KEISHUNN JOHNSON
Attorneys for Defendant,
**DR. MEHYRYAR TABAN**

## CERTIFICATE OF SERVICE

I am employed in the County of Los Angeles, State of California; I am over the age of eighteen years and not a party to the within action; my business address is 841 Apollo Street, Suite 100, El Segundo, California 90245.

On March 31, 2026, I served the foregoing document described as **XXX** on all interested parties in this action by placing a true copy thereof in a sealed envelope addressed as follows:

**<u>SEE ATTACHED SERVICE LIST</u>**

XX **By Mail** I caused such envelope(s) to be deposited in the mail at El Segundo, California. The envelope was mailed with postage thereon fully prepaid and addressed to the parties listed on the Service List. I am "readily familiar" with the firm's practice of collection and processing correspondence for mailing. It is deposited with U.S. postal service on that same day in the ordinary course of business. I am aware that on motion of party served, service is presumed invalid if postal cancellation date or postage meter date is more than 1 day after date of deposit for mailing in affidavit.

XX **By Email** Based upon a court order or an agreement of the parties to accept electronic service, I caused the documents to be sent to the persons at the electronic service addresses listed in the Service List. My email address is stolliver@kmslegal.com.

XX **(By CM/ECF system):** I electronically filed the above document(s) with the Court via the CM/ECF system. Registered CM/ECF users in this matter will be served through CM/ECF.

XX **State** I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed on March 31, 2026, at El Segundo, California.

*Sahara Tolliver*

# SERVICE LIST

80-98

**Frank Tufano v. Mehryar Ray Taban, MD, et al.**

USDC Case No.: 5:25-cv-00147-SVW-JC

Frank Tufano *Plaintiff In Pro Per*
25 Dundaff ST
Carbondale, PA 18407
Tele: (917)599-2160
frankatufano@gmail.com